**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MELVIN WRIGHT,

    Plaintiff,

v.                                       CASE NO. 3:06-cv-953-J-25HTS

RIVER REGION,

    Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

    Plaintiff filed this suit on October 31, 2006, *see* complaint (Doc. #1; Complaint), seeking to proceed *in forma pauperis*. *See* Affidavit of Indigency (Doc. #2; Petition), filed on October 31, 2006. However, as it did not appear Plaintiff had stated a valid federal claim, the Court "determined the suit may be subject to dismissal." Order (Doc. #4; Order), entered on November 2, 2006, at 1; *see also id.* at 3. Accordingly, the Petition was taken under advisement and Mr. Wright was given an opportunity to file an

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

amended complaint. *Id.* at 3. The time for doing so was then extended through November 30, 2006. *See* Order (Doc. #6), entered on November 16, 2006.

As Mr. Wright was informed, *see* Order at 1-2, under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. The United States Supreme Court has recognized "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action, *sua sponte,* if it is frivolous or malicious. *See id.* A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of

Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, a court should not dismiss pursuant to § 1915 for failure to state a claim without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

Plaintiff submitted, on November 29, 2006, a one-page document (Doc. #8; Amended Complaint) in which he clarifies he is alleging his former employer failed to inform him of a policy "that would result in [insurance] cancel[l]ation resulting in termination." Amended Complaint. Mr. Wright claims he has suffered a "wrongful employment loss[.]" *Id.* As the Court previously observed, "'[t]here is no federal common law cause of action for wrongful termination. An employee must identi[f]y a constitutional or statutory right that provides protection from termination.'" Order at 3 (quoting *Akselrad v. City of Phila.*, Civ. A. No. 96-CV-5192, 1998 WL 32604, at *6 (E.D. Pa. Jan. 27, 1998)).

**RECOMMENDATION**

For the foregoing reasons, it is recommended the Petition (Doc. #2) be **DENIED** and the Amended Complaint (Doc. #8) **DISMISSED** without prejudice to the filing of a prepaid complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this 6th day of December, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Henry Lee Adams, Jr.
United States District Judge

All counsel of record
    and *pro se* parties, if any